We find no error in the proceedings of the court below.

Judgment affirmed.

*J. H. Cowles*, for plaintiff in error.

*Wright & Knapp*, for defendant.

———•◦•———

## Pierson *v.* Baird.

By an act approved January 15, 1849, all instructions from district judges to petit juries are to be given in writing.

That law took effect by publication in newspapers, on 31st January, 1849.

Courts should know *ex officio* at what time laws take effect.

*Error to Van Buren District Court.*

*Opinion by* Kinney, J. The only question raised in this case by the bill of exceptions is, did the court err by giving oral instructions to the jury? The cause was submitted to the jury upon the oral instructions of the court,

on the twenty-first day of February, 1849. It appears from the bill of exceptions, that the court at the time, was not aware that a law had been recently passed requiring instructions to petit juries to be in writing, and prohibiting oral instructions, and proceeded to give the instructions in the usual manner, to which the counsel for the plaintiff in error excepted. The 27th section of the 4th Art. of the constitution of Iowa provides, "that no law of the general assembly of a public nature shall take effect, until the same shall be published and circulated in the several counties by authority. If the general assembly shall deem any law of immediate importance, they may provide that the same shall take effect by publication in newspapers in the state."

Upon the 15th day of January, 1849, the legislature passed a law requiring the judges of the district courts, to instruct the petit juries in writing. The act provides, that it shall take effect from and after its publication in the "Capital Reporter" and "Iowa Republican." From a note appended to the act, it appears that it was published in one of these papers on the 24th of January, and in the other on the 31st.

This law was of a public nature. The general assembly deeming it of immediate importance had the right under the constitution to order it to be published in newspapers in the state, and when so published, the constitution provides that it shall take effect. Courts are bound *ex officio* to take judicial notice of the publication, in this way, of all laws of a public nature. The time fixed by the constitution for them to take effect is, by publication, and when so published, they become the laws of the land. This unrestricted provision of the constitution, if resorted to by the general assembly, may and often will produce injustice and oppression, which it is not within the power of the courts to remedy or prevent; and hence such laws as would be injurious in their tendency, by reason of their not being circulated and known, ought not to take effect in this constitutional manner. Nevertheless the general

assembly have the right to give their acts vitality and force by newspaper publications, however much to be deprecated, or oppressive in their consequences. As the constitution has fixed the time for these laws to take effect, it is not within the power of the courts, to prescribe the time which in their opinion, would be sufficient for these newspapers to be circulated, and through them the laws generally known.

In the case before us, the act had been published about one month, and although the court was not aware of its passage, it erred and the case must be reversed.

Judgment reversed.

*A. Hall*, for plaintiff in error.

*Wright & Knapp*, for defendant.